THE PEOPLE ex rel. WILLIAM DARGIN, APPELLANT, v. DAYTON T. COX, POLICE JUSTICE OF THE VILLAGE OF PORT JERVIS, RESPONDENT.

*Chap.* 370 *of* 1873 — *Police justice of Port Jervis — trial by jury.*

Section 40 of chapter 370 of 1873, authorizing the police justice of the village of Port Jervis to hear and determine all cases arising under the charter, by-laws and ordinances of said village, was not intended to require the justice to try such cases alone, but where a jury is proper the persons brought before him are entitled to a trial by jury.

Writ of certiorari to review the proceedings and judgment had before the police justice of the village of Port Jervis, in the case of the village of Port Jervis against the relator, William Dargin.

*Allerton & Mills*, for the appellant.

*John W. Lyon*, for the respondent.

Barnard, P. J.:

The legislature inserted in the charter of the village of Port Jervis the following section :

"Section 40. The police justice shall, in said village, possess all the jurisdiction, powers and authority, be subject to the same requirements, duties and liabilities, within said village, in all respects, as are or may be by law vested in or required of the justices of the peace in the town of Deerpark, and he shall have jurisdiction to hear and determine all cases arising under the charter, by-laws or ordinances of said village. But in case of the temporary absence or inability of said police justice to perform the duties of that office, the same may be performed by a justice of the peace of the town of Deerpark."

The trustees of the village were empowered to pass ordinances on certain subjects, and among others, as to drinking-houses, on Sunday. The trustees executed this power by passing an ordinance that all drinking-saloons and places where spirituous liquors were sold should be closed on Sunday, under a penalty of twenty-five dollars for a violation of the ordinance.

A civil action was brought by the village of Port Jervis against the relator, before the police justice. Issue was joined between the parties, and before the commencement of the trial the defendant in that action demanded a jury to try the same. This was refused by the justice, upon the ground that under section 40 of chapter 370 of Laws of 1873, above cited and set forth, the justice was alone empowered to try the issue.

I see no basis for this ruling under that section; the police justice by it is clothed only with the power of a justice of the peace within the village. He is made competent to try cases arising under the charter and by-laws of the village whose officer he is.

This was upon the condition of his giving the citizen his legal rights during the trial.

It was the right of the defendant (the present relator) to have a jury, and a denial of that right was error, requiring the reversal of the judgment.

Present — LEARNED, P. J., and DYKMAN, J.   PRATT, J., not sitting.

Judgment reversed, without costs.